In the Matter of the Application of JENNIE E. DEE, as Executrix, etc., of JOHN DEE, Deceased, Petitioner, Pursuant to Article 78 of the Civil Practice Act, for an Order against THE STATE TAX COMMISSION and Others, Respondents, Directing the Refund of $773.07 Deposited by Said Executrix in Excess of the Transfer Tax on the Estate of Said Deceased, as Fixed by the Final Taxing Order.

Supreme Court, Special Term, Albany County, December 14, 1938.

*Schwarte, Slade, Harrington & Goldsmith,* for the petitioner.

*John J. Bennett, Jr., Attorney-General [Mortimer M. Kassell* of counsel; *Harry T. O'Brien, Jr.,* on the brief], for the respondents.

SCHENCK, J. This is a motion for an order directing the respondents to refund to the petitioner the sum of $773.07, representing money paid by the petitioner before the entry of a taxing order and in excess of the amount fixed by the actual order. The sum of $1,300 was deposited on November 12, 1926, following the death of one John Dee on May 22, 1926. The transfer tax on the said John Dee's estate, however, was not entered by order until February 26, 1938. At that time the tax was fixed at $526.93. It is the contention of the respondents herein that the Statute of Limitations has now outlawed the petitioner's claim for the $773.07, which represents the discrepancy between the $1,300 actually paid and the $526.93 at which figure the tax was fixed by order.

The situation seems to be exactly the same as in *Matter of Furey* v. *Graves* (148 Misc. 785; affd., 241 App. Div. 897; affd., 266 N. Y. 415). In that case the six-year Statute of Limitations binding upon private persons was held to be binding also in a matter of this sort involving the State of New York. The only possible

question that could be raised herein, therefore, is whether or not the Legislature abrogated the rule laid down in that case by the enactment of chapter 434 of the Laws of 1934, which amended section 225 of the Tax Law.

This amendment did not extend the Statute of Limitations in situations like the one here. The only change, as applicable here, was that " application for such refund be filed  *  *  * within one year from the entry of such taxing order." This did not also mean that the application could also be made more than six years after payment was made. As a matter of fact, under section 6 of article 7 of the State Constitution, the Legislature could not, if it so desired, allow payment of claims which would be outlawed as between private citizens. I cannot find that the *Furey* case has been overruled by any act of the Legislature.

Accordingly, the motion of the petitioner is denied. No costs.